UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOLITA CABRERA,<br><br>                              Plaintiff,<br><br>            -against-<br><br>EXPERIAN,<br><br>                              Defendant. | 1:21-CV-8313 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Lolita Cabrera, of the Bronx, New York, filed this *pro se* action. She sues Experian, a credit reporting agency, asserting claims arising from the accuracy of her credit report. She asks the Court to order the removal of "the account . . . from all credit bureaus," and she seeks damages. (ECF 2, at 6.) The Court construes Plaintiff's complaint as asserting claims under the Fair Credit Reporting Act, as well as claims under state law.

By order dated October 21, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that, on October 7, 2021, the events giving rise to her claims occurred at an unspecified location in New York State. She also alleges the following:

> failure to report DOLA. failure to report closed date. withholding account data with intent to negatively affect a consumers credit score for the account 224510 LESP FCU due to this negligence I lost my job and unable to get credit lost my home. I had to go on unemployment. caused me emotional distress and had to be prescribed medicine for my panic attacks. defamation of character.

2

(ECF 2, at 5.) Plaintiff further alleges that she was injured in the following manner:

> I lost my job and unable to get credit. I had to seek therapy for my emotional distress and anti depression. I went to the emergency room which induced a panic attack. I had to take melatonin to be able to sleep at night. I was late to work and lost my job due to the nature of this issue. I went to apply for a small personal loan and was denied.

(*Id.* at 6.)

Plaintiff "would like the account to be removed from all credit bureaus [and is] seeking a compensation of $17,000 in money damages." (*Id.*)

## DISCUSSION

Congress enacted the Federal Credit Reporting Act ("FCRA") to ensure that consumer reporting agencies follow fair and equitable procedures in "regard to the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information." 15 U.S.C. § 1681(b). The FCRA therefore imposes a variety of requirements on consumer reporting agencies to verify the accuracy of credit information in general and in response to consumer disputes. *See* 15 U.S.C. §§ 1681b to 1681p. The statute creates a private right of action against consumer reporting agencies for "negligent or willful violation of any duty imposed by the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citations omitted) (citing 15 U.S.C. §§ 1681n, 1681o).

Plaintiff's complaint implicates the FCRA's requirements that a consumer reporting agency follow reasonable procedures to assure accuracy in a consumer's credit report, 15 U.S.C. § 1681e(b), and investigate disputed information, §§ 1681i(a)(1)(A), 1681i(a)(5)(B).

The FCRA requires that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer's credit report. 15 U.S.C. § 1681e(b). To succeed on a claim that a consumer reporting agency failed to follow proper compliance procedures under Section 1681e(b), a plaintiff must show that:

> (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury.

*Wimberly v. Experian Info. Solutions*, No. 1:18-CV-6058, 2021 WL 326972, at *5 (S.D.N.Y. Feb. 1, 2021) (citation omitted); *e.g.*, *Phipps v. Experian*, No. 20-CV-3368, 2020 WL 3268488, *2 (S.D.N.Y. June 16, 2020); *Anderson v. Experian*, No. 19-CV-8833, 2019 WL 6324179, at *2 (S.D.N.Y. Nov. 26, 2019).

If a consumer notifies a consumer reporting agency of an inaccuracy in the information that agency reports, the agency must conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). If, after reinvestigation, a consumer reporting agency determines that the disputed information is inaccurate, incomplete, or cannot be verified, the agency must delete or modify the disputed item of information. 15 U.S.C. § 1681i(a)(5)(A)(i).

If disputed information is deleted from a consumer's file following reinvestigation, the consumer reporting agency may not reinsert the information "unless the person who furnishes the information certifies that the information is complete and accurate." 15 U.S.C. § 1681i(a)(5)(B)(i). If the agency does reinsert any previously deleted information, it must provide notice to the consumer, within five business days, that the information has been reinserted. 15 U.S.C. § 1681i(a)(5)(B)(ii)-(iii).

"In actions under Section 1681e or Section1681i, the threshold question is whether the disputed credit information is inaccurate." *Phipps*, 2020 WL 3268488, at *3 (citing *Anderson*, 2019 WL 6324179, at *3); *see also Gestetner v. Equifax Info. Servs., LLC*, No. 18-CV-5665, 2019 WL 1172283, at * (S.D.N.Y. Mar. 13, 2019), 2019 WL 1172283, at *2 ("[A] plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate.")

4

(internal quotation marks and citation omitted); *Houston v. TRW Info. Servs., Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the challenged credit information is inaccurate. If the information is accurate no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary.");

"A plaintiff must therefore identify the specific information on [her] credit report that is inaccurate and explain why the identified information is inaccurate." *Phipps*, 2020 WL 3268488, *3 (citing *Magee v. Am. Express*, No. 19-CV-8476, 2019 WL 6030099, at *4 (S.D.N.Y. Nov. 12, 2019)); *Magee*, 2019 WL 6030099, at *4 (holding that the plaintiff's allegations that "delinquent payments" on his credit report should be removed because of a "mail fraud investigation" were "insufficient to suggest specific information on his reports was inaccurate"); *Gestetner*, 2019 WL 1172283, at *2 (dismissing complaint alleging that credit report "showed erroneous and inaccurate information," without "any explanation as to why" information was false, for failure to state claim under Section 1681i or Section 1681e(b)).

Here, Plaintiff fails to allege sufficient facts to show that her credit report contained inaccurate information. Plaintiff alleges nothing about Experian, the named defendant, and merely alleges "failure to report DOLA, failure to report closed date, withholding account date with intent to negatively affect a consumers credit score for the account 224510 LESP FCU. . . ." (ECF 2, at 5.) She does not specify the names, addresses, accounts, or other information that is inaccurate. In addition, she does not state facts explaining why such information is inaccurate. "Absent additional facts explaining why the disputed information and inquiries are false, Plaintiff has failed to plead an essential element of a claim under Section 1681e(b) or Section 1681i." *Phipps*, 2020 WL 3268488, at *3 (citing *Gestetner*, 2019 WL 1172283, at *2). Moreover, Plaintiff does not allege any facts showing that Experian failed to follow reasonable

5

reinvestigation procedures. *See* § 1681i(a)(1)(A); *Jones v. Experian Info. Solutions, Info.*, 982 F. Supp. 3d 268, 272 (S.D.N.Y. 2013) (The FCRA "confer[s] upon Plaintiff a statutory entitlement to a reasonable reinvestigation once she disputes an item on her credit report."). She therefore fails to state a claim under the FCRA.

In light Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she alleges facts sufficient to state a claim under the FCRA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a claim under the FCRA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claim.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d) give the location where each relevant event occurred;

    e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:21-CV-8313 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss Plaintiff's claims under the FCRA for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

Plaintiff has consented to electronic service of court documents. (ECF 2, at 9.)

SO ORDERED.

Dated: November 5, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge